IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CR-140-BO-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| VERNON ROYCE WILLIAMS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

    This case came before the court yesterday, 23 January 2013, for an approximately three-hour hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the U.S. Secret Service and introduced 14 exhibits without objection. Defendant presented the testimony of two proposed third-party custodians, his mother and his sister. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

    Defendant was charged in Count One of a six-count indictment on 20 December 2012 with conspiracy to commit wire fraud beginning no later than March 2011 and continuing until in or about March 2012 in violation of 18 U.S.C. § 1349. The evidence presented at the hearing

showed that the charges arise from a sophisticated scheme in which the co-conspirators obtained stolen account numbers from overseas, encoded such numbers onto credit cards, and used the counterfeit credit cards to purchase prepaid Visa cards, merchandise, services, and other items. Defendant and other co-conspirators lived in the Long Island, New York area and travelled on several occasions down the East Coast making fraudulent purchases using the counterfeit credit cards. The scheme involved over 700 fraudulent account numbers and thousands of dollars in fraudulent purchases.

Evidence of defendant's involvement in the conspiracy included: his renting the vehicles used in two of the fraudulent-purchasing trips, one ending in Virginia on 4 August 2011 and the other ending in Delaware on 13 October 2011 (*see* Indict. ¶¶ 19-23, 24)[1]; recovery of 89 counterfeit credit cards from the minivan in which defendant and co-defendants Riley and Carter were travelling when they were stopped in Virginia, including 15 on the person of defendant which bore his name but ostensibly fraudulent account numbers; the use of a counterfeit credit card with defendant's name to purchase four prepaid Visa debit cards during the trip to Virginia (*see id.* ¶ 22); defendant's use of a South Carolina driver's license, showing a South Carolina address for him, during the trip to Virginia and apparently routinely despite his not having lived in that state since the mid-1990s; discovery of 32 counterfeit cards in the vehicle in which defendant was travelling with co-defendant Carter when police stopped it in New Castle, Delaware on 13 October 2011 (*see id.* ¶ 24); defendant's possession, at the time of the Delaware stop, of a fraudulent New Jersey driver's license showing his photograph with a false name (*see id.*); evidence that on 11 February 2012 defendant wired $800 to a person in Vietnam (including location of the Western Union office used near his home and similarity of the name associated

---

[1] Citation is to paragraphs of the Indictment corresponding to information presented in the testimony of the government's witness.

with the transmission to one used as an alias by defendant) (*see id.* ¶ 29); defendant's exchange of text messages with co-defendant Stevens after he and co-defendant Riley were stopped by police in Harnett County, North Carolina on 7 March 2012 and found to be in possession of 25 counterfeit credit cards and over 60 prepaid Visa cards (*see id.* ¶ 40); and store surveillance photographs taken on 7 March 2012 after the exchange of text messages between defendant and co-defendant Stevens which the testifying agent opined showed defendant making fraudulent purchases in South Carolina.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has enough evidence to obtain defendant's conviction, including the evidence reviewed above; the fraud-related nature of the offense charged; the circumstances of the offense charged, including the sophistication of the alleged conspiracy, the interstate (and, indeed, international) nature of the offense conduct, and the substantial scale of the conspiracy in terms of number and dollar value of the fraudulent transactions involved and its geographic scope; defendant's criminal record, including a felony conviction, a conviction (apparently a felony) based on defendant's plea of guilty to conduct in connection with the trip to Delaware, and the pending Virginia state charges against defendant arising from his conduct on the trip there; the danger of continued offense conduct by defendant if released; the substantial prison term defendant faces on the instant charges if convicted; the potential for additional charges being brought against defendant in the Eastern District of Virginia and South Carolina; the unsuitability of the proposed third-party custodial arrangements due to the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

3

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. Although defendant does not have as extensive a criminal record as this court often sees, it still is a felony record. His participation in the conspiracy further demonstrates his disregard of the law. In addition, the fact that defendant has had employment has not deterred him from the alleged criminal conduct.

The court has also considered the fact that defendant turned himself in, apparently driving with his parents from Long Island. He did not, though, turn himself in as originally arranged. Moreover, he lacks prior experience in the federal system and had not confronted firsthand the implications of the federal prosecution against him. Indeed, although he pled guilty in Delaware, he ultimately received only a fine, court costs, and restitution totaling $218 and no prison time. More significantly, while on pretrial release on the Virginia charges, defendant undertook the trip to Delaware and, by his own admission, engaged in criminal activity. This conduct shows not only disregard for the law generally, but flagrant disregard of conditions of pretrial release.

In sum, defendant has demonstrated the willingness and ability to travel interstate in furtherance of criminal activity and to obtain funds through fraud. Thus, should he decide to flee, he would appear well equipped to evade law enforcement and to engage in further fraudulent activity to support himself. And he unquestionably has a strong incentive to flee. It arises, of course, from the prospect of conviction in this case and the substantial term of imprisonment that could result and the pending Virginia charges, as well as the other potential criminal actions against him referenced above. After careful consideration, the court has identified no condition or combination of conditions that reasonably addresses these risks of flight and danger.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 24th day of January 2013.

James E. Gates
United States Magistrate Judge